*Formatted for Electronic Distribution*                                                              *Not For Publication*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____

In re:

**WAYNE GEORGE MILLS,**                                                  Chapter 7 Case
                     Debtor.                                                       # 04-11382

_____

**WAYNE GEORGE MILLS,**
              Plaintiff,                                                    Adversary Proceeding
                                                                          # 06-1020
   v.

**JANE C. KROCHMALNY,**
              Defendant.

_____

*Appearances:*     *Wayne George Mills*                           *Jane C. Krochmalny, Esq.*
                             *Guilford, Vt.*                                      *Guilford, Vt.*
                             *Plaintiff Pro Se*                                  *Defendant Pro Se*

**MEMORANDUM OF DECISION**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND ABSTAINING FROM ADDRESSING ISSUES OF FRAUD**

       Plaintiff Wayne George Mills ("Mills" or "Plaintiff"), appearing *pro se*, initially filed for chapter 7 bankruptcy relief in October, 2004. Among the debts he listed on his Schedule E was the amount of "$24,000 +/-" owed to Defendant Jane C. Krochmalny ("Krochmalny" or "Defendant"), the Plaintiff's former spouse, as an unsecured priority debt for "child support" (doc. #1, 04-11382). Mills received a discharge in February 2005, with the caveat that debts "that are in the nature of alimony, maintenance, or support" were not discharged (doc. # 7, 04-11382). In December 2005, Mills moved to reopen his case and moved for a declaratory judgment seeking a determination as to whether his debt to Krochmalny was discharged (doc. # 11, 04-11382). The Court granted Mills's motion to reopen, and held that the relief he sought in his motion (declaratory judgment) was only available in the context of an adversary proceeding (doc. # 13, 04-11382).

       Subsequently, Mills initiated the instant adversary proceeding to determine the dischargeability of the debt (doc. # 1, 06-1020). In May 2006, he filed an amended complaint, setting forth allegations relating to an October 2000 settlement that he and Krochmalny had entered into wherein he paid $10,249.00, or half the outstanding balance of the child support that he then owed, in satisfaction of his child support obligation (doc. # 30, 06-1020). Mills alleged that Krochmalny had attempted to disavow the settlement and had committed fraud and perjury in convincing a state court to reinstate the amount he

had bargained away. He now asks this Court to "find in his favor that the amount of $24,000.00, which by Vermont law automatically becomes a judgment was eliminated by accord and satisfaction by the parties and the reinstatement of his debt was accomplished by fraud and perjury by the defendant and her accomplices, therefore the debt is dischargeable in bankruptcy" (doc. # 30).

The Defendant, also appearing *pro se*, submitted an answer (doc. # 31). After a spate of motion practice, the Defendant filed a Motion for Summary Judgment, asserting that the debt owed by Mills is excepted from discharge under 11 U.S.C. § 523(a)(5), as it is in the nature of child support. Following a hearing on August 29, 2006, and having considered the parties' papers and arguments presented, the Court found that the Amended Complaint, "though containing language relating to the dischargeability of a debt based upon fraud, actually contests the validity of the asserted claim of [Krochmalny] based upon allegations that the judgment in question was procured through fraud and is more properly characterized as an Objection to Claim" (doc. # 56). The Court further found that the Defendant sought "a determination that her asserted claim against the Plaintiff is non-dischargeable under § 523(a)(5) because it is in the nature of support" (doc. # 56). The Court concluded that it would be most efficient to determine if the debt at issue should be excepted from discharge as support, prior to addressing the Plaintiff's Objection to Claim, since if the debt were dischargeable "then any issues relating to the fraud allegations will be moot since the Plaintiff would have not liability to pay it; and if the debt is not dischargeable then any allegations relating to the Plaintiff's obligation to pay the debt to the Defendant would be best addressed by the state court where the underlying litigation occurred; and thus, the fraud allegations raised by the Plaintiff will not be address by this court herein" (doc. # 56).

For the reasons set forth below, the Court grants the Defendant's motion for summary judgment.

## JURISDICTION

The Court has jurisdiction over this adversary proceeding and the pending motion for summary judgment under 28 U.S.C. § 157(b)(2)(I).

## BACKGROUND FACTS

The Defendant provided the following Statement of Undisputed Material Facts:

1. Jane C. Krochmalny ("Defendant") and Wayne G. Mills ("Plaintiff") were divorced on 12 March 1996 by an order of the Vermont Family Court, Windham District. At the time of the divorce the parties had two minor children: Andrew, 12 years old, and Joseph, 9 years old.

2. Sole physical and legal responsibility of the two minor children was decreed to Defendant in the final divorce decree.

3. Since the issuance of the final divorce decree in 1996, five successive child support orders have been issued by the Child Support Magistrate of the Vermont Family Court, filed on the following dates:
   a.) 07/10/1996
   b.) 03/18/1997
   c.) 10/22/1999
   d.) 05/06/2003
   e.) 01/18/2005

4. Plaintiff filed a Petition for Relief in the Bankruptcy Court, District of Vermont, Case No. 04-11382, on October 15, 2004. Schedule E of his petition listed a priority child support debt to Defendant in the amount of $24,000 +/-.[1]

5. At the time that Plaintiff filed his bankruptcy petition, the child support order in effect was the order filed on 05/06/2003. That order contained an arrearage judgment in the amount of $17,987.55, calculated by the Court as follows:

| | |
|---|---|
| Past-due child support through 04/30/2003 | $21,772.34 |
| Plaintiff's unpaid share of children's medical expenses | 5,178.51 |
| Attorney's fees awarded in prior child support orders | 963.28 |
| Interest awarded in 1999 order on unpaid medicals | 111.28 |
| Civil Penalty for willful nonpayment | 257.12 |
| | $28,282.53 |
| - | 10,294.98 paid on arrears |
| | $17,987.55 |

The Order also contained a provision for on-going monthly support payments in the amount of $528.73.

See doc. # 53.

In his statement of the "Facts of the Case," the Plaintiff focuses on other facts from the long history of state court litigation between him and Krochmalny, as well as some facts related to the instant case:

1. Wayne Mills filed Chapter 7 Bankruptcy in this court October 15, 2004.

2. A Discharge of Debtor was issued on February 4, 2005.

3. A Final Decree was issued on February 18, 2005.

4. In Debtor's Schedule E, a judgment to creditor Jane C. Krochmalny was listed in the amount of $24,000 +/-.

5. Ms. Krochmalny was notified of Debtor's bankruptcy filing and chose not to contest this judgment in this court.

---

[1] Defendant asserts that when Mills filed his bankruptcy petition on October 15, 2004, the child support order in effect at that time was the order filed on May 6, 2003, which contained an arrearage judgment of $17,987.55 and provided for monthly child support payments in the amount of $528.73 from May 1, 2003 forward (doc. # 52, p. 3).

3

6. This judgment was adjudicated in Windham Family Court on Ms. Krochmalny's motion for judgment in 1999. Although this debt was originally "child support" it took on a separate and distinct legal status when it became a judgment.

7. In October, 2000, Ms. Krochmalny, on her own volition, after pressuring Debtor for collection, offered a settlement of 50 cents on the dollar. After negotiations between Ms. Krochmalny, who is a Vermont attorney with 20 years in the Bar, and Debtor's Massachusetts attorney, Debtor agreed to the settlement of this judgment. The concept of this settlement was pre approved by The Vermont Office of Child Support and was personally administered by an OCS employee, Janet Molander Foster.

8. In October, 2000 Debtor paid $10,249 to Ms. Krochmalny after a two page Stipulation Agreement was signed and notarized by both parties. OCS sent a copy of this Stipulation to Windham Family Court and reduced the arrearage to $0.

9. In October, 2001 an attorney for OCS, Kristin Semprebon, filed a bogus Motion for Declaratory Judgment with Windham Family Court. In her filing she included a fraudulent and altered document purporting to be part of the Stipulation. This perjured document was provided by Ms. Krochmalny in an attempt to disavow a settlement and stipulation that she herself [line of text did not come out] also because, according to the Rules of Civil Procedure, a party cannot ask for Declaratory Judgment when there is no matter before the court. Ultimately, the motion was dismissed on the procedural grounds.

10. Ms. Krochmalny then filed an Enforcement action in Family Court arguing, inexplicably, that she wasn't bound by an agreement she initiated and agreed to on the grounds that she couldn't settle child support. She conveniently leaves out the fact that she had the debt reduced to a judgment on her motion and that OCS has approved the settlement.

See doc. # 71.

The Plaintiff did not specifically dispute any of the facts the Defendant asserted to be undisputed material facts. Pursuant to Vt. LBR 7056-1(a)(2), all material facts in the movant's statement of undisputed facts are deemed to be admitted unless controverted by the opposing party. We therefore deem Defendant's Statement of Undisputed Facts to be admitted.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material. See id. The court must view all the

4

evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004); Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990).

## DISCUSSION

The question here is straightforward: is the "$24,000 +/-" debt, which Mills initially indicated was for child support, excepted from discharge in this bankruptcy case. The relevant section of the Bankruptcy Code, 11 U.S.C. § 523(a)(5),[2] entitled "Exceptions to discharge" provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
> * * *
>> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, but not to the extent that –
>>> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or
>>> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; . . .

"The spouse seeking a determination that an obligation is nondischargeable on the grounds that it was actually in the nature of alimony, maintenance or support, has the burden of proof. Federal Bankruptcy Law, not State law, controls the determination of whether a debt is 'in the nature of' alimony, support or maintenance . . ." In re Kaufman, 115 B.R. 435, 439-40 (Bankr. E.D.N.Y. 1990) (citations omitted). Accord In re Spong, 661 F.2d 6 (2d Cir. 1981); In re Jarvis, 2004 WL 2830689 *3 (Bankr. D.Vt. 2004). "Courts in the Second Circuit take a broad reading of the phrase 'in the nature of support' in dischargeability disputes. 'Congress has clearly required the bankruptcy court to protect the rights of a former spouse receiving alimony at the expense of a debtor seeking a fresh start.'" Jarvis, 2004 WL 2830689 at *3 (quoting Forsdick v. Turgeon, 812 F.2d 801, 802 (2d Cir. 1987)). Labels do not control the determination of a dischargeability issue: rather, dischargeability must be determined by the substance of the liability rather than its form. Spong, 661 F.2d at 9. In order to adjudicate whether a debt is dischargeable, this Court "must determine the intent of the document which created the liability as manifested by the nature of the obligation and consideration of the rights and interests of the parties.

---

[2] Mills filed his chapter 7 petition in October 2004, prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). Accordingly, the Court will review the bankruptcy code as it existed prior to BAPCPA, which went into effect on October 17, 2005. All statutory references herein are to the U.S. Bankruptcy Code in effect prior to the effective date of BAPCPA, unless otherwise indicated.

5

Where the intent is clear from the document in question . . . and it is otherwise not contrary to public policy or equitable considerations, there is no reason for the court to look beyond the four corners of the document." Jarvis, 2004 WL 2830689 at * 3.

Although Mills listed the debt on his Schedule E as "$24,000 +/-," Krochmalny provides an exact figure of the amount due and owing as $17,987.55, which contains a number of different components:  past due court-ordered child support through 4/30/05; Mills's unpaid share of children's medical expenses; attorney's fees awarded in prior child support orders; interest awarded in the 1999 order on unpaid medical expenses; and a civil penalty for wilful non-payment (doc. # 53). This $17,987.55 figure is based on the conclusions set forth in the 71-page Windham County Family Court Order, dated May 4, 2003 (exhibit B to doc. # 52). That order articulated in detail the support arrearages owed by Mills; unpaid medical expenses accrued by the children, for which Mills had responsibility to pay a certain percentage; interest on the unpaid medical bills ascribed to Mills; attorney's fees assessed against Mills from previous court orders, and a court-assessed civil penalty. Id. at pp. 6-7, 21, 53-56, 64-67. With regard to Mills's payment of $10,294.98 (pursuant to the Stipulation/Settlement referred to above), the state court found that the alleged payment agreement was not valid because there was "no meeting of the minds in terms of the agreement." id. at 63, and that Mills was "entitled to a judgment order against the plaintiff in the amount of $10,294.98." Id. at 67. However, because Mills owed Krochmalny $28,282.53, "as a matter of equity and practical logic, the plaintiff need not physically return the money, but rather, it will be credited against the full amount of arrearages owed. Schwartz v. Haas, 168 Vt. 612, 739 A.2d 1188 (1999)." Id. at 68. The state court concluded that Mills's arrearages totalled $17,876.55. Id. For purposes of this summary judgment motion, this Court accepts that figure as the amount Mills owed to Krochmalny as of the date he filed his petition.

While Mills acknowledges this debt was "originally 'child support,'" he argues that it "took on a separate and distinct legal status when it became a judgment" (doc. # 71). However, he provides no authority to support his contention that his child support debt was transformed into a debt not based on child support once it was reduced to judgment.

This Court concludes that Mills's debt is excepted from discharge under § 523(a)(5) because all of the elements of that debt are "in the nature of" support. Mills's child support arrears are unequivocally in the nature of child support. His unpaid share of the children's medical expenses is also non-dischargeable. See Growney v. Growney (In re Growney), 15 B.R. 849, 850 (Bankr. W.D.N.Y. 1981) (children's' medical and dental bills were in the nature of child support obligations). Similarly, attorney's fees awarded in prior child support orders are excepted from discharge as support. See Spong, 661 F.2d at 9 ("[M]ost States treat counsel fees as being within the definition of alimony, maintenance, and support."); Thomasson v. Thomasson (In re Thomasson), 199 B.R. 801, 803 (Bankr. M.D.Fla. 1996)

6

("[O]bligations to pay attorneys fees representing former spouses may be excepted from the discharge provided the legal services performed by the attorney were directly related to obtaining the enforcement of . . . support either of the spouse or the child."). In addition, the pre-petition interest awarded by the state court on the unpaid medical bills is in the nature of support, as it relates to the delay in payment of a child support obligation. See, e.g., Lock v. Lock (In re Lock), 158 B.R. 438, 442 (Bankr. E.D. Mich. 1993) (holding that interest and principal debt for child support were nondischargeable); Frederickson v. Coleman (In re Coleman), 56 B.R. 179, 180 (Bankr. N.D.Ind. 1986) ("Interest represents compensation for the time value of money. . . A child support payment . . . ordered paid in 1965 does not convey the same value when payment is delayed until 1986 or beyond."). Finally, the Court holds that the civil penalty assessed against Mills for his wilful non-payment of his child support obligations is "in the nature of" support, relating directly to the consequences of Mills's failure to pay his child support obligations. See, e.g., Tile v. Simpson (In re Simpson), 1998 WL 34070589 (Bankr. S.D.Ind. Aug. 25, 1998) (holding civil penalty nondischargeable pursuant to § 523(a)(2)(A)).

Having found the debt nondischargeable, pursuant to this Court's August 29, 2006 order, any allegations relating to the Plaintiff's obligations to pay the debt to the Defendant would best be addressed by the state court where the underlying litigation occurred. Permissive abstention from core proceedings[3] under 28 U.S.C. § 1334(c)(1) is left to the bankruptcy court's discretion." Luan Investment S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.), 304 F.3d 223, 232 (2d Cir. 2002). The factors to be considered by the court when determining whether permissive abstention is appropriate include: "(1) whether issues of state law predominate; (2) whether judicial economy would be served by abstention or equitable remand; (3) whether § 1334(b) is the sole basis for exercising federal jurisdiction; (4) whether the proceeding involves non-debtors; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; and (6) the likelihood that the proceeding was commenced in a particular forum because of forum shopping on the part of one of the parties." Rahl v. Bande, 316 B.R. 127, 135 (S.D.N.Y. 2004). The Court finds that these factors point to abstention with regard to Mills's objection to Krochmalny's claim and the question of whether the claim was incurred through fraud. This is particularly so because the Plaintiff's fraud contentions relate to child support issues that have been directly addressed by the state courts and the claim survives the bankruptcy discharge. Accordingly, abstention is warranted on the fraud issues raised by Mills both on the "in the interest of justice" as well as "in the interest of comity with State courts" grounds articulated in 28 U.S.C. § 1334(c)(1). Hence, this Court will not address the fraud allegations or the objection to claim arguments asserted by the Plaintiff (doc. # 56).

---

[3] Proceedings involving the dischargeability of a debt are considered core proceedings under 28 U.S.C. § 157(b)(2)(I), and proceedings involving objections to claim are considered core proceedings under 28 U.S.C. § 157(b)(2)(B).

## CONCLUSION

Based upon the foregoing, the Court holds that Plaintiff's debt to Jane Krochmalny is in the nature of support under § 523(a)(5) and thus it is excepted from discharge. Therefore, the Defendant's Motion for Summary Judgment is granted. The Court will exercise its discretion under 28 U.S.C. §1334 and abstain from addressing the Plaintiff's remaining arguments, which sound in fraud and objection to claim. Therefore, both the case and the adversary proceeding may now be closed.

This constitutes the Court's findings of fact and conclusions of law.

November 7, 2006                                           Colleen A. Brown
Rutland, Vermont                                    United States Bankruptcy Judge